c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VINCENT SIMMONS,<br>Plaintiff | CIVIL ACTION NO. 1: 22-CV-01971 |
| VERSUS | JUDGE EDWARDS |
| POLICE JURY OF AVOYELLES<br>PARISH, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court are the following motions: (1) "Motion for a Protective Order Staying Discovery Until After the Court Rules on Motion for Judgment on the Pleadings and Motion for Summary Judgment, Alternatively, For an Order Limiting Discovery to the Sole Remaining Allegation That Eddie Knoll Fabricated a Police Report" ("Motion for Protective Order") (ECF No. 130), filed by Defendant Jerold Edward "Eddie" Knoll, Sr., in his individual capacity ("former DA Knoll"); and (2) Motion to Stay Discovery of Protective Order Pending Resolution of Dispositive Motion ("Motion to Stay") (ECF No. 136), filed by Defendant Marjorie Bordelon Melancon ("Melancon"), in her capacity as the Executrix of the Succession of Marilyn Larson Bordelon ("Bordelon"). Plaintiff Vincent Simmons ("Simmons") opposes former DA Knoll's motion. ECF No. 132. Melancon's motion is unopposed.

Former DA Knoll seeks a stay of discovery pending a ruling on his Motion for Judgment on the Pleadings and Motion for Summary Judgment ("Motion for Judgment") (ECF No. 128). ECF No. 130. Alternatively, he seeks a protective order

limiting discovery to the sole remaining claim against him. *Id.* Melancon seeks to limit discovery directed to her pertaining to deceased former Avoyelles Parish Coroner Dr. Filmore Paul "F.P." Bordelon ("Coroner Bordelon") to qualified immunity.

Also before the Court is Simmons's Motion to Amend Petition ("Motion to Amend") (ECF No. 142). Defendants oppose. ECF Nos. 147, 148.

Because good cause exists to stay discovery pending resolution of the pending dispositive motions, former DA Knoll's Motion for Protective Order (ECF No. 130) and Melancon's Motion to Stay (ECF No. 136) are GRANTED.

Considering Rule 15(a)'s bias in favor of granting leave, and considering the proposed amendment is partially futile, Simmons's Motion to Amend (ECF No. 142) is GRANTED IN PART to the extent he seeks to replead allegations against the former district attorneys in their official capacity only.

I.  Background

Simmons filed a Complaint under 42 U.S.C. § 1983 and state law against the Avoyelles Parish Police Jury ("APPJ"), the Avoyelles Parish District Attorney's Office ("DA's Office"), the successors of deceased sheriff and sheriff's deputies of the Avoyelles Parish Sheriff's Office ("APSO"), the successor of deceased former Avoyelles Parish Tax Assessor John Laborde ("Laborde"), the successor of deceased former Coroner Bordelon, former DA Knoll, former Assistant District Attorney Alicia Jeanette Theriot Knoll ("former ADA Knoll"), former Avoyelles Parish District Attorney Charles Addison Riddle III ("Riddle"), John/Jane Does 1-20 as employees of

Avoyelles Parish, and John/Jane Does 21-40 of the DA's Office (collectively, "Defendants"). Simmons asserts claims for alleged civil rights violations under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.[1] ECF No. 1. Simmons also asserts state law claims for malicious prosecution, false imprisonment, and intentional infliction and/or reckless infliction of emotional distress. *Id.*

Simmons's claims stem from the investigation and prosecution of two counts of aggravated rape, allegedly committed in 1977, for which he was convicted and served more than 44 years in Louisiana state prison. ECF No. 1 at 2. His conviction was overturned through post-conviction relief, and the current District Attorney of Avoyelles Parish declined to prosecute Simmons a second time. *Id.* at 16. Simmons was released from prison on February 14, 2022 after serving over 44 years in Louisiana state prison. *Id.* Simmons seeks compensatory damages, punitive damages, costs, and attorney's fees.

Defendants former DA Knoll, former ADA Knoll, Riddle, Beau Floyd Juneau and Lisa Saucier Juneau (the "Juneau's") as successors of Floyd Juneau, Robert Laborde, and APPJ filed Rule 12(b)(6) Motions to Dismiss. ECF Nos. 19, 20, 37, 54. Various parties and claims have been dismissed: (1) APPJ was dismissed without prejudice; (2) Didier was dismissed without prejudice for failure to serve Didier's heir; (3) all claims against district attorney Defendants (former DA Knoll, former ADA Knoll, and Riddle), in their individual capacities, were dismissed with prejudice–

---

[1] Simmons amended twice already to cure allegations as to the successors of deceased parties. ECF Nos. 113, 114.

except the claim against former DA Knoll in his individual capacity for fabrication of evidence; (4) Simmon's claims against former DA Knoll, former ADA Knoll, and Riddle, in their official capacities were dismissed without prejudice. ECF Nos. 100, 109.

The Court also denied in part Juneau's motion on the *Brady* issue but granted as to all other claims against Juneau. *Id.* Laborde's motion was granted in part and Simmons's claims for excessive force, assault, and battery were dismissed with prejudice. *Id.*

Pending before the District Judge is former DA Knoll's Motion for Summary Judgment on the Pleadings and Motion for Summary Judgment (ECF No. 128) on the sole remaining claim against him in his individual capacity for fabrication of evidence and the issue of *res judicata*. Also pending before the District Judge is Melancon's Rule 12(b)(6) Motion to Dismiss, asserting qualified immunity and arguing that Simmons fails to state sufficient allegations against Bordelon. ECF No. 134.

Now Defendants former DA Knoll and Melancon seek to stay or limit discovery pending resolution of the motions. ECF Nos. 130, 134. Simmons opposes Knoll's Motion for Protective Order. ECF No. 132. No opposition was filed in response to Melancon's Motion to Stay.

Also, Simmons has amended twice already, mostly to properly allege proper representatives for deceased Defendants. ECF Nos. 113, 114. He now seeks to amend for a third time. ECF No. 142. Simmons's motion presents no specific argument or

justification for the amendment, merely stating that "[he] desires to amend his complaint." ECF No. 142. Defendants oppose. ECF Nos. 147, 148.

II. Law and Analysis

    A. Former DA Knoll and Melancon are entitled to protective orders staying discovery pending resolution of their dispositive motions.

A court can, for good cause, issue an order to protect a party or a person from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The requesting party bears the burden of showing "the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int.'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). If a court concludes a protective order is warranted, it may take a variety of actions, including forbidding the disclosure or discovery, limiting the scope of disclosure or discovery to certain matters, or requiring that confidential information not be revealed or be revealed only in a specified way. *See* Fed. R. Civ. P. 26(c)(1).

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) ("Trial courts possess broad discretion to supervise discovery."). However, "the issuance of a stay is by no means automatic." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (citation omitted). A district court has discretion to stay discovery "for good cause," which may exist if the party seeking

the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. Fed. R. Civ. P. 26(c). Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer if a stay is granted; and (3) judicial economy." *Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893 at *2 (E.D. La. Mar. 5, 2013).

A stay "may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768 (internal quotation marks omitted). A trial court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

The Fifth Circuit has established that the court must determine a defendant's entitlement to qualified immunity "at the earliest possible stage of the litigation." *Carswell v. Camp*, 54 F.4th 307, 310 (5th Cir. 2022) (quoting *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam)).[2] This is because qualified immunity is not just "a mere defense to liability" but "an immunity from suit." *Id.* (quoting *Pearson*

---

[2] In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Carswell*, 37 F.4th at 1068-69. The Fifth Circuit also expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id.* at 1068. In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. *Id.* It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity. *Id,*

*v. Callahan*, 129 S. Ct. 808 (2009)). One of the most important benefits of qualified immunity is "protection from pretrial discovery, which is costly, time-consuming, and intrusive." *Id.* (quoting *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012)). Accordingly, Fifth Circuit precedent permits discovery only after the court determines that "the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity." *Wicks v. Miss. State Employment Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (footnote citation omitted). Even discovery limited to the issue of qualified immunity is permitted only if the court is unable to rule on the qualified immunity defense without additional facts, and then, only such discovery as is necessary to rule on the defense is permitted. *Lion Boulos v. Wilson*, 834 F.2d 504, 507–08 (5th Cir. 1987).

Having reviewed the record, and considering the representations of the parties, the Court finds good cause to stay discovery in this matter. *See Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F.App'x 866, 870 (5th Cir. 2010) (affirming stay of discovery pending resolution of motion for summary judgment and noting that "where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant such a motion [to stay]"); *Lowell v. Ard*, No. 17-187, 2019 WL 1104169, at *2 (M.D. La. Mar. 8, 2019) (granting stay of expert discovery pending resolution of motions for summary judgment); *Fed. Ins. Co. v. New Hampshire Ins. Co.*, No. 03-385, 2010 WL 1757932, at *3 (M.D. La. Apr. 30, 2010) (granting temporary stay of discovery pending resolution of motion for summary judgment where summary judgment motion "could

potentially dispose of the entire case without the necessity of the [requested] discovery"). The Court further finds that a stay will not prejudice Simmons.

Former DA Knoll and Melancon have filed motions that raise qualified immunity – the former on Motion for Judgment and the latter on a Motion to Dismiss. The motions are currently pending before the District Judge. Fifth Circuit precedent clearly supports the issuance of a stay as to former DA Knoll and Melancon pending resolution of their motions. Simmons does not argue a stay would be prejudicial to him in any way and he did not file an opposition to Melancon's motion. And briefing on the dispositive motions is complete.

Based on the Court's broad discretion to stay discovery and given the Fifth Circuit's guidance concerning the burden of discovery as to public officials, the Court finds that discovery should be stayed until the pending dispositive motions are resolved.

### B. A court has discretion to deny an amendment where it is futile or where there are repeated failures to cure deficiencies by amendments previously allowed.

Fed. R. Civ. P. 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)). Relevant factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).

Here, Simmons amended his Complaint twice already, and far more than 21 days have elapsed since an answer was served. Thus, Simmons requires leave of court to amend. Fed. R. Civ. P. 15(a)(1).

The deadline for joinder of parties and to amend the pleadings is July 26, 2024. ECF No. 120. Simmons timely filed his third Motion to Amend (ECF No. 142) on February 11, 2024, within the extended deadline to amend. Simmons's motion merely states that "[he] desires to amend his complaint." ECF No. 142 at 1. No other response or argument was presented in support of an amendment. Defendants oppose allowing Simmons to file a fourth-amended Complaint. ECF Nos. 147, 148.

Although Simmons did not provide any discussion of Rule 15 relative to the proposed amendment, Local Rule 7.4.1 does not require a memorandum with grounds therefor in connection with a motion to amend, unless otherwise directed by the Court. Additionally, Simmons filed within the current deadline to amend. Thus, good cause to amend is not the required standard.

9

There is no indication that Simmons has acted with undue delay, bad faith, or dilatory motive. And little to no discovery has taken place in this case, as most of the evidence is allegedly from the underlying criminal conviction.

However, Simmons now seeks to amend for the third time to add back previously dismissed Defendants. Simmons's amendment seeks to replead claims against the district attorney Defendants in both their individual and official capacities. ECF No. 132. But the Court dismissed with prejudice all district attorney Defendants Eddie Knoll, Jeanette Knoll, and Riddle, in their individual capacities – except the claim against Eddie Knoll in his individual capacity for fabrication of evidence. ECF Nos. 100, 109. And the Court dismissed without prejudice Simmons's claims against Eddie Knoll, Jeanette Knoll, and Riddle, in their official capacities. *Id.*

Simmons doesn't explain or justify the proposed amendment in his briefing on the Motion to Amend. However, in his Opposition (ECF No. 132) to the protective orders sought by separate motions, he acknowledges all claims were dismissed with prejudice against the District Attorney Defendants in their individual capacities, except the fabrication claim against former DA Knoll. ECF No. 132 at 2. Simmons implies his proposed amendment seeks to replead his official capacity claims against the District Attorney Defendants. *Id.*

Nevertheless, the proposed amendment includes both individual capacity claims and official capacity claims against each former District Attorney Defendant. ECF No. 142. Thus, the proposed amendment is futile, as the Court has previously dismissed *with prejudice* the individual capacity claims against the district attorney

10

Defendants, except the fabrication claim against former DA Knoll. This illustrates that Simmons has repeatedly failed to cure the deficiencies in his Complaint.

Considering Rule 15's bias in favor of granting leave, and because a balanced of factors militates in favor of Simmons, leave to amend is GRANTED IN PART, only to the extent the amendment seeks to replead allegations against the former District Attorneys in their official capacity. Leave to amend is DENIED IN PART in all other respects, including all claims against the former District Attorneys in their individual capacities, except the surviving individual capacity claim against former DA Knoll.

### III. Conclusion

Because good cause exists to stay discovery pending resolution of the pending dispositive motions, IT IS HEREBY ORDERED that former DA Knoll's Motion for Protective Order (ECF No. 130) and Melancon's Motion to Stay (ECF No. 136) are GRANTED. Discovery is STAYED pending resolution of the dispositive motions, except on the issue of qualified immunity as to both former DA Knoll and Melancon. A status conference will be set, if necessary, to re-establish discovery deadlines, following resolution of the motions.

Further, considering Rule 15(a)'s bias in favor of granting leave, and considering the proposed amendment is partially futile, IT IS FURTHER ORDERED that Simmons's Motion to Amend (ECF No. 142) is GRANTED IN PART only to the extent he seeks to replead allegations against the former District Attorneys in their official capacity. Simmons's Motion to Amend (ECF No. 142) is DENIED IN PART in all other respects, including all claims against the former District Attorneys in

11

their individual capacities, except the surviving individual capacity claim against former DA Knoll.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __18th__ day of April 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE