UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **VINCENT SIMMONS** | **CIVIL ACTION NO. 22-1971** |
| **VERSUS** | **JUDGE EDWARDS** |
| **POLICE JURY OF AVOYELLES PARISH ET AL** | **MAG. JUDGE PEREZ-MONTES** |

### MEMORANDUM ORDER

Before the Court is an Appeal (R. Doc. 162) from the Magistrate Judge's Order (R. Doc. 160) regarding a *Motion to Amend Petition* (R. Doc. 142) filed by the plaintiff, Vincent Simmons ("Simmons"). The appeal was filed by defendants, Charles A. Riddle III ("DA Riddle"), Jerold Edward Knoll ("former DA Knoll"), and Alicia Jeannette Theriot Knoll ("former ADA Knoll") (collectively, "Appellants") (R. Doc. 162). Simmons opposes the appeal (R. Doc. 167), and Appellants replied (R. Doc. 168).

After careful consideration of the record, the parties' memoranda, and the applicable law, the Appeal is **GRANTED.**

I.   **BACKGROUND**

This case stems from the alleged acts of various officials in securing and maintaining the 1977 conviction of Simmons for two rapes he contends to have not committed. R. Doc. 100 at 3–8. Among his many claims, Simmons sued DA Riddle, former DA Knoll, and former ADA Knoll, in their official capacities.[1] These claims were later dismissed without prejudice in this Court's prior Judgment at R. Doc. 109.

---

[1] The individual capacity claims asserted previously against Appellants are no longer live, save for the claim against DA Knoll for allegedly fabricating a police report. *See* R. Doc. 160 at 10.

On February 11, 2024, Simmons filed a "Motion [for leave] to Amend [the Complaint]," with his succinct justification being that "[he] desires to amend his complaint." R. Doc. 142. In his proposed amended complaint, Simmons names DA Riddle, former DA Knoll, and former ADA Knoll, in their individual and official capacities. R. Doc. 142-1 at 8. Important for later, Simmons apparently seeks to have the current District Attorney for Avoyelles Parish, DA Riddle, and the former District Attorney for Avoyelles Parish, DA Knoll, answer for the same alleged conduct of former DA Knoll. *See id.* Appellants opposed the Motion, arguing first that Simmons did not provide sufficient justification for leave to amend his complaint; and further, that the claims re-urged in the proposed amended complaint are "futile" as the Court previously dispensed of them in its Judgment at R. Doc. 109. R. Doc. 148 at 5, 8–9.

On April 18, 2024, the Magistrate Judge issued the Memorandum Order (R. Doc. 160) that is now before us on appeal, ruling on numerous motions, including Simmons' *Motion to Amend* (R. Doc. 142).[2] In dispensing of Simmons' motion, the Magistrate Judge granted leave to amend "only to the extent the amendment seeks to replead allegations against the former District Attorneys in their official capacity."[3] R. Doc. 160 at 11. In so doing, the Magistrate Judge cited "Rule 15's bias in favor of granting leave," and further found that "a balance[] of [the *Wimm*] factors militates in favor of Simmons." *Id.* (citing Fed. R. Civ. P. 15(a)(1); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993)). Appellants appealed. R. Doc. 162.

---

[2] The other motions, and corresponding relief, are not contested in this appeal. R. Doc. 162 at 1–2.
[3] There is only one "former District Attorney" here, former DA Knoll. Thus, it appears that the Magistrate Judge meant to say, "against the District Attorney Defendants."

2

Appellants do not contest most of the Magistrate Judge's Order. Instead, Appellants narrowly contend that any claims against them in their official capacities are "futile" and thus incapable of repleading. R. Doc. 162 at 2. Appellants argue that one cannot sue a former district attorney in his official capacity (i.e., former DA Knoll), as he is no longer the officeholder; and that one cannot sue an *assistant* district attorney in her official capacity (i.e., former ADA Knoll), as she could not be the "final policymaker" required for official capacity claims. *Id*. As for DA Riddle, Appellants contend that the official capacity claims against him are "vague and conclusory and thus not sufficient to state a *Monell* claim." *Id*. Accordingly, Appellants assert that the Magistrate Judge erred in granting leave to Simmons to replead those claims, and "pray that this Court vacate/fail to adopt [the Magistrate Judge's] Order in that respect only." *Id*.

In response, Simmons concedes that any official capacity claims involving Appellants "must be asserted against the incumbent District Attorney, Charles A. Riddle III," and thus, "has no objection to this Court ordering that such claims shall go forward exclusively against [DA] Riddle." R. Doc. 167 at 1. However, the concession ends there, and Simmons remains adamant that while DA Riddle may be the only party answerable for the alleged acts of Appellants, the underlying claims are not "futile." *Id*. at 5. Thus, this appeal is now confined solely to whether Simmons' official-capacity claims against DA Riddle are sufficiently pleaded. *Id*. at 5-9.

Appellants replied, arguing again that Simmons' amended complaint "is futile as it fails to state any official capacity claims against the District Attorney Defendants." R. Doc 168 at 2–5. We further address their reasoning below.

3

## II. LEGAL STANDARD

*A. Appeals of Magistrate Judge Decisions*

Under the Federal Magistrate Act, a magistrate judge may issue binding rulings on non-dispositive matters. *See* 28 U.S.C. § 636(b)(1)(A). A magistrate judge's order on a motion to amend is considered a non-dispositive matter. *See id.*; *Talbert v. Am. Risk Ins. Co.,* 405 F. App'x 848, 851 (5th Cir. 2010). A party that objects to such a ruling may appeal to the district judge who "must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Federal law affords the magistrate judge broad discretion in the resolution of non-dispositive matters. *See id.* Under this deferential standard, a magistrate judge's decision must be affirmed unless "on the entire evidence [the reviewing court] is left with a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948). A clear error standard applies to a magistrate judge's findings of fact, while legal conclusions are reviewed *de novo*. *See Spillers v. Chevron USA Inc.,* No. 11-2163, 2013 WL 869387, at *3 (W.D. La. Mar. 6, 2013) (citation omitted).

*B. Futility*

Denying a motion to amend is not an abuse of discretion if allowing an amendment would be "futile." *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003). An amendment is futile if it would fail to survive a Rule 12(b)(6) motion. *Id.* Therefore, the district court must review the proposed amended complaint under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000) (cleaned up).

4

### III. ANALYSIS

*A. Official Capacity Claims Against Former DA Knoll and Former ADA Knoll.*

To begin, any official capacity claim against either former DA Knoll, or former ADA Knoll, must be dismissed as a matter of law. As both no longer serve the Avoyelles Parish District Attorney's Office, any official capacity claims for alleged conduct in their past roles can only be brought against the current officeholder, DA Riddle. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *see also, Kentucky v. Graham*, 473 U.S. 159, 166, n.11 (1985) ("In an official-capacity action in federal court, death or replacement of the named official will result in automatic substitution of the official's successor in office."). Moreover, such a claim against former ADA Knoll is doubly improper because "[a]n assistant district attorney . . . is not a policymaker and not the proper defendant for an official capacity claim against the District Attorney's Office." *Truvia v. Julien*, 187 F. App'x 346, 350 (5th Cir. 2006); *see also, City of St. Louis v. Praprotnik*, 485 U.S. 112, 125–26 (1988). Accordingly, as neither Knoll is a proper *Monell* defendant, and the parties agree, the official capacity claims against former DA Knoll and former ADA Knoll must be dismissed. *See* R. Doc. 167 at 1.

*B. Official Capacity Claims Against DA Riddle.*

For the reasons above, DA Riddle is the only entity susceptible to suit for the official acts of the Avoyelles Parish District Attorney's Office. Thus, we must now ask whether Simmons' repleaded claims against DA Riddle are "futile." They are. Again, the standard for futility is whether the amended claims would withstand a

Rule 12(b)(6) motion to dismiss, and if the answer is no, the court should not allow their repleading. *Stripling*, 234 F.3d at 873. Well, the claims against DA Riddle in his official capacity have already been dismissed under Rule 12(b)(6). R. Doc. 109. Of course, as they were dismissed *without prejudice*, the claims *could* be raised again, but only if they are newly "plausible." *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). They are not. Instead, the Court agrees with Appellants that the claims against DA Riddle have largely been "re-packag[ed]" from the original Complaint. R. Doc. 168 at 5. This Court's prior Judgment, and the Magistrate Judge's prior Report and Recommendation that it adopted, made clear that Simmons' allegations about an allegedly pervasive "rape myth" did not muster a plausible *Monell* claim. *See* R. Doc. 109; R. Doc. 100. And the allegations that Simmons makes in his most recent attempt to get these claims back over the line of plausibility are insufficient. *Compare* R. Doc. 142-1 at 27–29, *with* R. Doc. 1 at 20–22. Simmons has failed once again to plausibly allege that this rape myth was weaponized against any person other than him by the Avoyelles Parish District Attorney. So, there can be no pattern of constitutional violations. *See Peterson v. City of Fort Worth,* 588 F.3d 838, 850–51 (5th Cir. 2009). Furthermore, the historical anecdotes that he provides, while undeniably troubling, do not impute bias or any constitutional violations flowing therefrom sufficient to state a *Monell* claim against Appellants. R. Doc. 142-1 at 22. Put another way, one cannot bring a claim under §1983 by alleging the general pervasiveness of the rape myth, ergo, this prosecution must have been the product of inescapable racism. *Cf. Iqbal,* 556 U.S. at 680–81; *see also, Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898 (E.D. La. 2001); *Crawford v. Caddo Par. Coroner's Off.*, No. CV 17-01509, 2019 WL

6

943411 at *4 (W.D. La. Feb. 25, 2019).  Thus, as "[Simmons] fails to allege a pattern of similar violations, let alone . . . notice of such a pattern, except in wholly conclusory terms," his *Monell* "policy" or "custom" claims against DA Riddle are futile. *Armstrong v. Ashley,* 60 F.4th 262, 277 (5th Cir. 2023).  Furthermore, Simmons' official-capacity allegations regarding former DA Knoll's alleged firsthand coaching of witnesses and suppression of evidence, and DA Riddle's alleged firsthand withholding of evidence during Simmons' post-conviction proceedings, have already been dismissed in similar form, and have not been bolstered since.  *Compare* R. Doc. 142-1 at 19, 26, *with* R. Doc. 1 at 11–14, 19; R. Doc. 109.  Accordingly, "we conclude that [Simmons' fourth amended] complaint has not 'nudged [his] claims' of invidious discrimination 'across the line from conceivable to plausible,'" and thus find amendment futile.  *Iqbal*, 556 U.S. at 680 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## IV.   CONCLUSION

For the reasons set forth above, the Magistrate Judge's Order (R. Doc. 160) is **REVERSED** insofar as it granted Vincent Simmons leave to amend**.**  Accordingly,

**IT IS ORDERED** that Vincent Simmons' Motion to Amend (R. Doc. 142) is **DENIED.**

**IT IS FURTHER ORDERED** that Vincent Simmons' official-capacity claims against Jerold Edward Knoll and Alicia Jeannette Theriot Knoll are hereby **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Vincent Simmons' official-capacity claims against Charles A. Riddle III are **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED** this 6th day of September, 2024.

_____
**JERRY EDWARDS, JR.**
**UNITED STATES DISTRICT JUDGE**